UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------------x
                                                             :   x
WATKINS HOLDINGS S.À R.L. &                                  :   :
WATKINS (NED) B.V.,                                          :       Civil Action No. _____
                                                             :
    *Petitioners*,                                           :
                                                             :   :
    v.                                                       :
                                                             :   :
KINGDOM OF SPAIN,                                            :
                                                             :   :
    *Respondent*.                                            :
-------------------------------------------------------------x

## PETITION TO ENFORCE ARBITRAL AWARD

ALLEN & OVERY LLP

John Roberti
1101 New York Avenue, NW
Washington, DC 20005
Telephone: 202-683-3800
Facsimile:  202-683-3999

Bradley S. Pensyl (*pro hac vice* to be requested)
Rebecca Ann Cecchini (*pro hac vice* to be requested)
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300

*Attorneys for Petitioners Watkins Holdings S.à r.l. & Watkins (Ned) B.V.*

For their Petition, Petitioners Watkins Holdings S.à r.l. and Watkins (Ned) B.V. (together, "Petitioners" or "Watkins") state as follows:

## NATURE OF THE ACTION

1. Petitioners bring this action to enforce an arbitral award (the "Award") of €77 million, plus interest and costs, issued on January 21, 2020, in the International Centre for the Settlement of Investment Disputes ("ICSID") Case No. ARB/15/44 against Respondent, the Kingdom of Spain ("Spain"). A certified copy of the Award is attached as Exhibit 1 to the Declaration of John Roberti ("Roberti Decl."), which is filed herewith.[1]

2. The Award was rendered in Petitioners' favor following arbitration proceedings (the "ICSID Proceedings") conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). A copy of the ICSID Convention is attached as Exhibit 2 to the Roberti Declaration. The Award imposed pecuniary obligations on Spain in the amount of €77 million, together with interest on the award from June 20, 2014 to January 21, 2020 at the rate of 1.16 percent per annum, compounded monthly, and post-award interest from January 21, 2020 to the date of payment at the rate of 2.16 percent per annum, compounded monthly (with the total interest due amounting to over €5,593,910.13 as of the date of the filing of this Petition). In addition, and beyond these monetary damages, the Award further imposed obligations on Spain to pay (i) 75 percent of Petitioners' legal fees and disbursements incurred in connection with the ICSID Proceedings and (ii) 75 percent of the total arbitrator fees and administrative expenses incurred in connection with the ICSID Proceedings, which together total €2,515,291.69.

3. To date, Spain has not paid any portion of the Award.

---

[1] All citations to the Award, which is attached as Exhibit 1 to the Roberti Declaration, will be in the form of "Award ¶."

4. Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack and must be enforced in the same manner and given the same full faith and credit as if the award were a final judgment of a court in the United States.

5. Accordingly, Petitioners request that this Court: enter an order enforcing the Award in the same manner as a final judgment issued by a court in the United States, and enter judgment in Petitioners' favor in the amount of €77 million, together with (i) interest on the award from June 20, 2014, to January 21, 2020, at the rate of 1.16 percent per annum, compounded monthly, (ii) post-award interest from January 21, 2020, to the date of payment at the rate of 2.16 percent per annum, compounded monthly, (iii) 75 percent of Petitioners' legal fees and disbursements incurred in connection with the ICSID Proceedings, and (iv) 75 percent of the total arbitrator fees and administrative expenses incurred in connection with the ICSID Proceedings.

## THE PARTIES

6. Petitioner Watkins Holdings S.à r.l. is a private limited liability company incorporated under the laws of Luxembourg.

7. Petitioner Watkins (Ned) BV is a limited liability company incorporated under the laws of the Netherlands and is a wholly-owned subsidiary of Petitioner Watkins Holdings S.à r.l.

8. Petitioners are affiliates of Bridgepoint Advisers Limited ("Bridgepoint"), a private equity firm that invests in different sectors in Europe, including investments in renewable energy ("RE") projects.

9. Petitioners were two of the seven claimants in the ICSID Proceedings. By virtue of an assignment from the other five claimants, Petitioners own all rights with respect to the Award, including all rights to the proceeds of the Award.

10. Respondent Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602-11. Spain signed the ICSID Convention on March 21, 1994, and deposited its instrument of ratification on August 18, 1994. The ICSID Convention entered into force for Spain on September 17, 1994.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under the FSIA because this action is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA. 28 U.S.C. § 1330(a).

12. Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an award issued pursuant to the ICSID Convention because Spain has waived any such immunity by agreeing to the ICSID Convention. *See Tatneft v. Ukraine*, No. 18-7057, 2019 WL 2563159, at *1-2 (D.C. Cir. May 28, 2019) (per curiam); *Blue Ridge Invs., L.L.C. v. Republic of Argentina,* 735 F.3d 72, 84 (2d Cir. 2013) (holding that a foreign country waives sovereign immunity under the FSIA "by becoming a party to the ICSID Convention").

13. Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards. *See Blue Ridge Invs., L.L.C.*, 735 F.3d at 85 ("To our knowledge, every court to consider whether awards issued pursuant to the ICSID Convention fall within the arbitral award exception [set forth in Section 1605(a)(6) of] the FSIA has concluded that they do.").

14. In addition, this Court also has subject matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

15. This Court has personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b).

16. Venue is proper in this Court pursuant to the FSIA, 28 U.S.C. § 1391(f)(4).

17. The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-307, does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). As such, the FAA's jurisdictional requirements do not apply to this Action.

## THE DISPUTE AND THE AWARD

18. The Award arises out of Petitioners' investments in RE projects in Spain. Award ¶ 3.

19. In 2007, Spain enacted new legislation, Royal Decree 661/2007, modifying the previous regulatory regime, to attract investments in wind facilities and other forms of RE. *Id.* ¶¶ 78, 92-99, 527-28, 533. In reliance upon certain financial incentives and inducements offered by Spain pursuant to this system, Plaintiffs made substantial investments in RE projects in Spain, including by purchasing eight wind farm facilities located in the province of Castilla y Léon in Spain. *Id.* ¶¶ 134-35, 140, 301, 525-28. In total, through its affiliates, Watkins purchased these wind farm facilities for approximately €91 million, including equity and intragroup loans in 2011. *Id.* ¶ 140. Petitioners obtained financing through project finance agreements, shareholders' undertaking agreements, intragroup loan agreements and profit participative Sloan agreements, and comfort letters. *Id.*

20. Between 2012 and 2014, Spain adopted a series of laws revoking the economic incentives extended to RE investors such as Petitioners. *Id.* ¶¶ 111-133. Spain's policy reversal culminated in the implementation of an entirely new regulatory regime in 2014 that dismantled the legislation upon which Petitioners had relied in making their investments. *Id.* ¶¶ 534, 538, 553-55, 569, 593, 600-01. The rescission of these incentives caused substantial harm to the value of the investments that Petitioners had made based on the system adopted by Spain. *Id.* ¶¶ 534, 538, 569-70, 593(ii), 604, 744.

21. Petitioners' investments in wind power projects were governed by the Energy Charter Treaty ("ECT"), which is meant to "'[establish] a legal framework in order to promote long-term co-operation in the energy field.'" *Id.* ¶ 488 (alteration in original). Petitioners are incorporated under the

laws of Luxembourg and the Netherlands which are contracting parties to both the ECT[2] and the ICSID Convention.[3]

22.   Spain is also a contracting party to both the ECT[4] and the ICSID Convention.[5]  Spain consented to submit disputes arising under the ECT to arbitration under the ICSID Convention.  *See* ECT, art. 26(3)(a), (4)(a)(i) (Roberti Decl. Ex. 3).

23.   On October 26, 2015, Watkins filed its request for arbitration (the "Request for Arbitration") against Spain with ICSID.  Award ¶ 4.  In the Request for Arbitration, Petitioners claimed that Spain's displacement of the legislative framework upon which Petitioners' investments depended violated Spain's obligation under Article 10(1) of the ECT to provide Petitioners' investments with fair and equitable treatment.  *Id.* ¶ 65.

24.   On November 4, 2015, the Secretary-General of ICSID registered the Request for Arbitration in accordance with Article 36(3) of the ICSID Convention.  *Id.* ¶ 7.  On March 31, 2016, a three-arbitrator ICSID arbitral tribunal (the "Tribunal") was duly constituted.  *Id.* ¶ 10.

25.   A Hearing on Jurisdiction and Merits (the "Hearing") was held before the Tribunal in Paris, France, from May 21, 2018 to May 24, 2018.  *Id.* ¶ 43.  Both Spain and the Petitioners were represented by counsel and fully participated in the Hearing.  *Id.* 43-44.

26.   On December 18, 2019, the Tribunal declared the proceedings closed.  *Id.* ¶ 64.

---

[2]   *Energy Charter Treaty Signatories / Contracting Parties*, INTERNATIONAL ENERGY CHARTER (February 18, 2019), https://energycharter.org/process/energy-charter-treaty-1994/energy-charter-treaty/signatories-contracting-parties/.

[3]   List of Contracting States and Other Signatories of the Convention, ICSID (April 12, 2019), https://icsid.worldbank.org/en/Documents/icsiddocs/List%20of%20Contracting%20States%20and%20Other%20Signatories%20of%20the%20Convention%20-%20Latest.pdf.

[4]   *Supra* n. 2.

[5]   *Supra* n. 3.

27. On January 21, 2020, the Tribunal issued the Award, ruling in favor of Petitioners and finding Spain liable. *Id.* ¶ 775. In the Award, a comprehensive 224-page decision, the Tribunal found that Spain breached its obligations under Article 10(1) of the ECT "thereby whittling away" the legislation Petitioners relied upon in making their investments into the RE projects in Spain. *Id.* ¶¶ 569-70, 606, 629, 769. The Tribunal awarded Petitioners damages in the amount of €77 million, together with (i) interest on the award from June 20, 2014 to January 21, 2020 at the rate of 1.16 percent per annum, compounded monthly, (ii) post-award interest from January 21, 2020, to the date of payment at the rate of 2.16 percent per annum, compounded monthly, (iii) 75 percent of Petitioners' legal fees and disbursements incurred in connection with the ICSID Proceedings and (iv) 75 percent of the total arbitrator fees and administrative expenses incurred in connection with the ICSID Proceedings. *Id.* ¶ 773-75.

28. In accordance with the ICSID Convention, the Award is immediately enforceable. ICSID Convention, art. 53 (Roberti Decl. Ex. 2) (providing that "[t]he award shall be binding on the parties," and that in the absence of a stay, "[e]ach party shall abide by and comply with the terms of the award").

## LEGAL BASIS FOR RELIEF

29. Article 54 of the ICSID Convention requires contracting states to "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, art. 54 (Roberti Decl. Ex. 2). The ICSID Convention also provides that "[a] Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.*

30. The United States is a contracting state to the ICSID Convention[6] and is therefore obligated to recognize and enforce the pecuniary obligations imposed by the Award as if it were a final judgment of a court of the United States. This obligation is set out in 22 U.S.C. § 1650a, which provides in relevant part:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq*.) shall not apply to enforcement of awards rendered pursuant to the convention.

31. Arbitral awards issued against a foreign state pursuant to the ICSID Convention may be enforced by bringing a plenary action in federal court in compliance with the requirements for commencing a civil action under the Federal Rules of Civil Procedure, and with the personal jurisdiction, service, and venue requirements of the FSIA. *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 49-50, 53 (D.D.C. 2015); *see also Micula v. Gov't of Romania,* 714 F. App'x 18, 21 (2d Cir. 2017); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 117–20 (2d Cir. 2017).

32. Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a. "Member states' courts are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Mobil Cerro Negro Ltd.*, 863 F.3d at 102; *Miminco, LLC v. Democratic Republic of the Congo*, 79 F. Supp. 3d 213, 218 (D.D.C. 2015) ("a court's confirmation of an ICSID award should entail nothing more than ministerial verification that the award is genuine"). The ICSID Convention therefore "reflects an expectation that

---

[6] *Supra* n. 3.

the courts of a member nation will treat the award as final." *Id* (internal citations omitted); *see also id.* at 118 (noting that an ICSID award-debtor is not "permitted to make substantive challenges to the award"); ICSID Convention, arts. 53(1), 54(1) (Roberti Decl. Ex. 2).

33. Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby making the FAA's defenses "unavailable to ICSID award-debtors in federal court enforcement proceedings." *Mobil Cerro Negro Ltd.*, 863 F.3d at 120-21.

34. District courts thus enforce ICSID awards without allowing substantive challenges to enforcement of the awards. *See, e.g. Duke Energy Int'l Peru Invs. No. 1, Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 132-34 (D.D.C. 2012); *Republic of Panama v. Jurado*, No. 8:12-cv-1647 (M.D. Fla. June 13, 2013), ECF No. 18, 25.

## CAUSE OF ACTION AND REQUEST FOR RELIEF

35. Petitioners restate and incorporate paragraphs 1 through 34 of the Petition as set forth fully herein.

36. Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court. 22 U.S.C. § 1650a(a).

37. The Award was rendered in accordance with the ICSID Convention against Spain and in Petitioners' favor.

38. Accordingly, Petitioners are entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in Petitioners' favor in the amount specified in the Award.

39. Petitioners request that the Court enter the judgment in euros, which is the currency specified in the Award. Award ¶ 775. The Court has authority to enter judgment in euros without conversion to American dollars, particularly when requested by the award-creditor. *See, e.g. Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175 (SAS), 2013 WL 105776, at *2-3 (S.D.N.Y. Jan. 9, 2013); *see also Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 220 (D.C. Cir. 2018); *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *aff'd*, 603 F. App'x 1 (D.C. Cir. 2015).

40. Petitioners are thus entitled to an order enforcing such arbitral award as a judgment pursuant to Article 54 of the ICSID Convention, 22 U.S.C. § 1650a, and entering judgment thereon in the amount of amount of €77 million, together with (i) interest on the award from June 20, 2014 to January 21, 2020 at the rate of 1.16 percent per annum, compounded monthly, (ii) post-award interest from January 21, 2020 to the date of payment at the rate of 2.16 percent per annum, compounded monthly, (iii) 75 percent of Petitioners' legal fees and disbursements incurred in connection with the ICSID Proceedings and (iv) 75 percent of the total arbitrator fees and administrative expenses incurred in connection with the ICSID Proceedings.

WHEREFORE, Petitioners respectfully request that the Court enter judgment in favor of Petitioners and against Respondent and request that the Court issue an order:

(a) Enforcing the Award in the same manner as a final judgment issued by a court of one of the several states; and

(b) Entering judgment against Spain and in Petitioners' favor in the amount of €77 million, together with (i) interest on the award from June 20, 2014 to January 21, 2020 at the rate of 1.16 percent per annum, compounded monthly and (ii) post-award interest from

January 21, 2020 to the date of payment at the rate of 2.16 percent per annum, compounded monthly; and

(c)  Entering judgment against Spain and in Petitioners' favor in the amount of €2,515,291.69 (75 percent of Petitioners' legal fees and disbursements incurred in connection with the ICSID Proceedings and 75 percent of the total arbitrator fees and administrative expenses incurred in connection with the ICSID Proceedings).

Dated: Washington, D.C.
April 24, 2020

Respectfully submitted,

ALLEN & OVERY LLP

By:  /s/ John Roberti

John Roberti
1101 New York Avenue, NW
Washington, DC 20005
Telephone: 202-683-3800
Facsimile:  202-683-3999

Bradley S. Pensyl (*pro hac vice to be requested*)
Rebecca Ann Cecchini (*pro hac vice to be requested*)
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300

*Attorneys for Petitioners Watkins Holdings S.à r.l. & Watkins (Ned) B.V.*